**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LORINDA TANAKA as Assignee of SHAYNA
WARDLOW,**

       **Plaintiff,**

**-vs-**                     Case No. 6:11-cv-2002-Orl-31KRS

**GEICO GENERAL INSURANCE COMPANY a/k/a
GEICO,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **PLAINTIFF'S MOTION TO CERTIFY THE JANUARY 24, 2012 ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AS AN APPEALABLE ORDER (Doc. No. 26)**
>
> **FILED:**   **February 3, 2012**

   On January 24, 2012, the Court entered an order denying a motion for remand, finding that the amount in controversy exceeds $75,000. Doc. No. 23. Specifically, the unpaid portion of the excess judgment Plaintiff holds against Defendant's insured is $39,842.42, and the Court found that Plaintiff's attorneys could reasonably seek more than $35,157.58 in attorney's fees. *Id.*

   Plaintiff now asks that the Court certify the order denying the motion for remand for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides that an interlocutory appeal is appropriate if the judge issuing the order believes that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an

immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." "[Section] 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine facts. . . . The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

In the motion, Plaintiff states that the issue in dispute is whether Defendant proved the reasonable amount of Plaintiff's attorney's fees at the time of removal. Doc. No. 26 at 2. This is an issue of fact, not an issue of law, and the resolution of this issue will not materially advance the ultimate termination of the litigation. Therefore, it is **RESPECTFULLY RECOMMENDED** that the motion be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 29, 2012.

                      *Karla R. Spaulding*
                      KARLA R. SPAULDING
                      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy