# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LORINDA TANAKA,**

        **Plaintiff,**

**v.**                                  **Case No:  6:11-cv-2002-Orl-31KRS**

**GEICO GENERAL INSURANCE COMPANY,**

        **Defendant.**

_____

# ORDER

This cause comes before the Court on a Motion for Summary Judgment (Doc. 137) filed by Defendant GEICO General Insurance Company ("GEICO"); a response (Doc. 144) filed by Plaintiff, Lorinda Tanaka ("Tanaka"); and GEICO's reply (Doc. 147).

## I.    Background

This third-party bad faith and breach of contract case stems from a car accident between Tanaka and GEICO's insured, Shayna Wardlow ("Wardlow" or the "Insured"), on January 16, 2009. Wardlow rear-ended Tanaka's vehicle while it was stopped at a traffic light in Brevard County, Florida. Although Tanaka appeared uninjured in the immediate aftermath, she eventually experienced pain and reduced mobility in her right shoulder. (See Doc. 137-5). On April 15, 2009, Tanaka's attorney Richard Singer ("Singer"), sent a third-party demand letter to GEICO seeking Wardlow's policy limit of $10,000.00. (Doc. 137-5). The letter indicated that Tanaka was receiving medical care for her right shoulder and would likely need additional medical attention. Six days later Singer sent an additional letter to inform GEICO that Tanaka was scheduled to undergo surgery on May 7, 2009. (Doc. 137-6).

On April 24, 2009, GEICO sent a letter to Singer offering $2,009.00 to settle the claim and requesting additional information regarding Tanaka's surgery. (Doc. 137-7). It is unclear whether the parties continued to negotiate after the April 24th letter, but it is undisputed that they failed to reach an agreement by the demand deadline, so Tanaka filed suit against Wardlow. Pursuant to its obligation under the policy, GEIGO defended Wardlow in the underlying suit. Final judgment was entered in accordance with the jury's verdict in favor of Tanaka in the amount of $56,124.57.

Following the judgment, Plaintiff brought this bad faith action as an assignee of Wardlow. The Complaint asserts three causes of action against GEICO, bad faith (Count I); breach of contract (Count II); and breach of fiduciary duty (Count III). Only Counts I and II remain. GEICO now moves for summary judgment on both Counts.

## II.    Standard

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1351-52 (M.D. Fla. 2003). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324-25 (internal quotations and citations omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

### III.   Analysis

It is well settled under Florida law that an insurer owes an insured a good faith duty to " 'settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so.' " *Macola v. Government Employees Ins. Co.,* 953 So. 2d 451, 455 (Fla. 2006) (quoting *Boston Old Colony Ins. Co. v. Gutierrez,* 386 So. 2d 783, 785 (Fla. 1980)). A third party may also bring a common law bad faith action directly against an insurer to recover the amount of an excess judgment. *Id.* " 'The essence of a third-party bad faith cause of action is to remedy a situation in which an insured is exposed to an excess judgment because of the insurer's failure to properly or promptly defend the claim.' " *Id.* at 458 (citation omitted). *See also Fed. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, 298 F. App'x 845, 848 (11th Cir. 2008).

GEICO cites two cases for the proposition that if an excess judgment is satisfied, a third

party cannot maintain action for a breach of duty between an insurer and its insured. *Clement v. Prudential Prop. & Cas. Ins. Co.*, 790 F.2d 1545, 1548 (11th Cir. 1986); *Fid. & Cas. Co. of New York v. Cope*, 462 So. 2d 459, 461 (Fla. 1985). This is only true, however, where there has not been a "prior assignment of the cause of action." *Cope*, 462 So. 2d at 461. The Florida Supreme Court explained in *Wachovia Ins. Servs., Inc. v. Toomey*, that the "intent of the parties controls interpretations of their releases" and that "there is nothing in the language of the *Cope* decision that prohibits a simultaneous assignment of a claim with a release or satisfaction of the judgment." 994 So. 2d 980, 986 (Fla. 2008). The agreement between Wardlow and Tanaka in this case simultaneously released Wardlow and assigned the bad faith cause of action to Tanaka. (*See* Doc. 137-8). Additionally, the parties clearly indicated that "neither of them intend, by this agreement to, in any way, release or indemnify GEICO . . . ." (Doc. 137-8). This agreement does not run afoul of *Cope*, and thus, does not bar the instant bad faith claim.

GEICO raises two other arguments in support of its motion: (1) that Wardlow believed it acted in good faith, and (2) that Singer did not provide GEICO with a meaningful opportunity to settle. Both arguments are based on disputed issues of material fact and thus, not appropriate for summary judgment. Accordingly, GEICO's Motion will be denied with respect to the bad faith claim in Count I.

Summary judgment is appropriate, however, as to Count II because GEICO honored its duty to defend and indemnify its insured in accordance with the express terms of the contract. Plaintiff's only evidence is that GEICO failed to settle with Tanaka and thereby protect Wardlow from a judgment exceeding the policy limits. While this evidence supports a third party bad faith claim, it does not support a claim for breach of contract because this obligation is not expressly contained in the contract. *See QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So.

3d 541, 549 (Fla. 2012); *Auto Mut. Indem. Co. v. Shaw*, 184 So. 852, 859 (Fla. 1938); (Doc. 149). Since Plaintiff points to no other evidence of breach, summary judgment will be granted in favor of GEICO on Count II.

It is therefore,

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 137), is **GRANTED IN PART and DENIED IN PART**. Summary judgment is **GRANTED** in favor GEICO with respect to Count II, but **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on July 12, 2013.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties