# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LORINDA TANAKA,**

      **Plaintiff,**

**v.**                                                                           **Case No: 6:11-cv-2002-Orl-31KRS**

**GEICO GENERAL INSURANCE COMPANY,**

      **Defendant.**

## ORDER

The Plaintiff, Lorinda Tanaka ("Tanaka"), was injured in an automobile accident. The driver of the other car was insured by the Defendant, GEICO General Insurance Company ("GEICO"). After a trial, Tanaka was awarded approximately $50,000 for the damages caused by GEICO's insured. In the instant case, Tanaka contends that GEICO acted in bad faith when it refused to promptly tender to her its insured's policy limit of $10,000. GEICO argues that, prior to suit being filed, the company did not have enough information about Tanaka's injuries to warrant a policy-limits settlement.

In other words, this appears to be a rather straightforward bad faith case. While not inconsequential, the case shows no signs of being particularly complex or of involving unusual facts. Despite this, the parties have filed seventeen motions in limine, with the Defendant having filed eleven of the seventeen. This is absurd.

Broadly speaking, a motion in limine may be defined as a request, generally made before a trial has begun, "to exclude anticipated prejudicial evidence before it is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Although in limine rulings are not binding on a trial

court and remain subject to reconsideration during the trial itself, *id.* at 41-42, motions in limine provide notice to the trial judge of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial, *Stewart v. Hooters of America, Inc.*, 2007 WL 1752873 (M.D.Fla. June 18, 2007). A pretrial motion in limine may also have the salutary effect of reducing the number of interruptions during the trial itself. *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

While the list is not exhaustive, courts generally recognize that a motion in limine is proper where:

> (1) the trial court has directed that evidentiary issue be resolved before trial; (2) the evidentiary material is highly prejudicial or inflammatory and would risk mistrial if not previously addressed by the trial court; (3) the evidentiary issue is significant and unresolved under the existing law; (4) the evidentiary issue involves a significant number of witnesses or substantial volume of material making it more economical to have the issue resolved in advance of the trial so as to save time and resources of all concerned; or (5) the party does not wish to object to the evidence in the presence of the jury and thereby preserves the issue for appellate review by obtaining an unfavorable ruling via a pretrial motion in limine.

75 Am. Jur. 2d Trial § 39.

Even before these motions were filed, the Court could have wagered with absolute confidence that there were not seventeen "significant and unresolved" evidentiary issues likely to arise in the instant case, or seventeen instances of "highly prejudicial or inflammatory" evidentiary material that ought to be addressed outside the presence of the jury, or any combination thereof. A brief review of the motions confirms this view. They are vague and formulaic, showing every appearance of having originated from some sort of one-size-fits-all checklist rather than from an assessment of the particular facts and circumstances of this case.[1] This is not a proper use of this

---

[1] The one exception is Plaintiff's Motion in Limine to Exclude the Testimony of Defendant's Expert, Kathy J. Maus (Doc. 186), which clearly raises concerns unique to this case.

type of motion. Even the motions that arguably would fit within one of the five categories described are void of indications that the other party is actually seeking to introduce the evidence at issue. The Court is willing to spend its time before trial to avoid interruptions during it; but these motions seem unlikely to provide even that relatively modest benefit.

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the motions in limine (Doc. 173-183, 185-190) are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 23, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

However, the deadline for *Daubert* motions passed on April 26, 2013 (Doc. 77 at 1), and the motion will be denied for that reason.